Arthur G-. Klein, J.
This is an action to enforce a trust under the provisions of article 3-A of the Lien Law. The plaintiff is a materialman, which furnished plumbing supplies used in the improvement of premises 106-110 Suffolk Street in the Borough of Manhattan, City of New York. The material was supplied to the defendant Instant Heat & Power Corp., of which the individual defendants were officers.
It is admitted that the price of the materials furnished by the plaintiff was $7,977.89 and that the defendant corporation received from the owner of the premises the sum of $7,600 on account of the improvement, which was to cost $17,600. It is admitted further that no part of the indebtedness has been paid to the plaintiff.
Plaintiff on its motion for summary judgment obtained an order striking out the answer of the defendants and granting it summary judgment in conversion against all the defendants, and directing an assessment of damages to determine the amount of the judgment to be entered. Such assessment was held before me without a jury.
At the trial, plaintiff established that defendants failed to keep the books and records required by the provisions of section 75 of the Lien Law, thus creating a presumption of the misapplication of the sum of $7,600 received by said defendants.
Defendants conceded that there were no books or records by which they could show specifically what was expended for labor, materials or otherwise, with respect to this specific improvement, but claimed that since they had done work on this $17,600 contract, they were entitled to be reimbursed for their work. This amounts to an attempt to establish a credit on a quantum meruit basis for work done on the job and thus wipe out plaintiff’s rights as beneficiary of the trust fund created by the provisions of section 70 of the Lien Law.
A contractor who receives trust moneys is not, by the provisions of sections 70 and 71 (subd. 2, par. [a]) of the Lien Law, included as one of the beneficiaries of the trust assets. The recipient of the trust funds holds them for the benefit of the sub-claimants on the improvement, who are enumerated in the statute, and is entitled to any remainder only after the payment of their claims (Aquilino v. United States of America, 10 N Y 2d 271; American Blower Corp. v. James Talcott Inc., 10 N Y 2d 282). The trust arises as soon as the trustee receives the fund and continues until all claims for services and material on the improvement, by the classes designated in the statute, have been *1083 paid. The contractor or subcontractor, as the case may be, is a resulting beneficiary, who is entitled to any remainder of the fund after it has been distributed to claimants entitled to share in it (Davis & Warshow v. 8. Iser Inc., 30 Misc 2d 528, 539).
The defendants obviously may not frustrate plaintiff’s recovery by the assertion of prior rights or reduce it by purporting to share in the beneficiary rights accorded to the plaintiff by the statute.
Defendants’ application for a dismissal of the complaint is belatedly made. Judgment has already been granted to the plaintiff against all the defendants by the order of this court dated December 5, 1961. The only matter before me under the provisions of that order is the assessment of damages. Any other defenses, such as that there may be other persons interested in and entitled to share in the distribution of the trust funds, should have been argued at Special Term.
It is accordingly determined that the plaintiff has been damaged in the amount of $7,600. Judgment is awarded to the plaintiff against the defendants in that amount together with interest and costs.
The parties having waived findings of fact and conclusions of law, the foregoing constitutes the decision required by section 440 of the Civil Practice Act. All motions on which decision was reserved inconsistent with this determination are denied.